[S. F. No. 418. Department Two.—September 4, 1897.]

## WALTER A. PARKHURST, Respondent, v. MARTHA E. PARKHURST, Appellant.

Divorce—Maintenance of Children by Mother—Division of Property—Stipulated Decree—Refusal to Modify.—Where, by stipulation of the parties to an action for divorce, the community property was divided so as to yield property to the wife, free of encumbrance, of the value of ten thousand dollars, she having also other property of her own valued at three thousand one hundred dollars, while the husband retained only about sufficient property to pay his debts, and, by their agreement, the decree awarded the custody of the minor children to the mother, to be maintained and educated at her sole cost, and that she should have no other alimony or allowance from the father, the stipulated disposition of the property was an equitable settlement, as between the parties, of the burden of caring for and maintaining the offspring; and where it appears that the children are properly supported, maintained, and educated by the mother, and that she has nine thousand dollars in value left of the property awarded to her, her application to modify the decree so as to cast the burden of maintaining the children upon the father is without merit, and is properly refused.

Id.—Application to Modify Decree—Evidence—Stipulation for Support of Children.—Although the stipulation of the parties to an action for divorce cannot divest the parents, as against the children, of the duty of maintaining them, and is *not admissible to vary or modify*

a decree of divorce, or to change the rights of the parties as determined thereby, yet where the stipulation supports and upholds the decree, and is tantamount to an agreed statement of facts, upon which that portion of the decree relating to property rights and the custody, maintenance, and education of the children was based, the stipulation is admissible in evidence against the mother, upon her application to modify the decree, so as to require the father to maintain the children contrary to the stipulation.

ID.—COUNSEL FEE.—Where an application of the divorced mother to modify the decree is without merit, her application for a counsel fee is properly denied.

APPEAL from an order of the Superior Court of Santa Clara County refusing to modify a decree of divorce. W. G. Lorigan, Judge.

The facts are stated in the opinion.

W. C. Kennedy, for Appellant.

The decree of divorce does not sever the relation of parent and child, or the responsibility of the father for the maintenance of his children, and 'the decree may be modified to require such maintenance. (2 Bishop on Marriage and Divorce, secs. 1212, 1213; *Plaster v. Plaster*, 47 Ill. 290; *Wilson v. Wilson*, 45 Cal. 399; *Erkenbrach v. Erkenbrach*, 96 N. Y. 456; *Pretzinger v. Pretzinger*, 45 Ohio St. 452; 4 Am. St. Rep. 542; *Washburn v. Catlin*, 97 N. Y. 623; *Howell v. Howell*, 104 Cal. 45; 43 Am. St. Rep. 70; *Cowls v. Cowls*, 8 Ill. 435; 44 Am. Dec. 708.) The children of the divorced parties are the wards of the court, and its jurisdiction over them is continuing. (*Hoffman v. Hoffman*, 15 Ohio St. 427, 435; *Miner v. Miner*, 11 Ill. 43; *Cornelius v. Cornelius*, 31 Ala. 479; *McGill v. McGill*, 19 Fla. 341; *Hill v. Hill*, 49 Md. 450; 33 Am. Rep. 271; *Rogers v. Rogers*, 51 Ohio St. 1; *Ex parte Gordan*, 95 Cal. 374, 377.) The wife could not stipulate away the rights of the children. (*Pierce v. Pierce*, 64 Wis. 72; 54 Am. Rep. 581.)

Jackson Hatch, for Respondent.

Aside from the stipulation and decree, it is as much the duty of the mother as of the father to support the children. (*Cushman v. Hassler*, 82 Iowa, 295; *White v. White*, 75 Iowa, 218; *Fulton v. Fulton*, 52 Ohio St. 229; 49 Am. St. Rep. 720; *Pawling*

*v. Wilson,* 13 Johns. 192; *Finch v. Finch,* 22 Conn. 411; 2 Bishop on Marriage and Divorce, 4th ed., sec. 557.)

SEARLS, C.—This is an appeal by the defendant from an order of the superior court in and for the county of Santa Clara, refusing to modify a decree of divorce, and to allow defendant one hundred dollars per month for the care, custody, and maintenance of Herbert N. and Minnie A. Parkhurst, aged seventeen and fifteen years respectively, the children of the parties hereto.

The cause was heard in the court below upon the affidavits of the parties and of sundry other persons, and upon oral testimony taken in open court.

Written findings were filed, from which it appears, among other things, that by a decree of the superior court entered February 29, 1892, the marriage which had theretofore existed between plaintiff and defendant herein was dissolved; their property divided; the defendant herein receiving real property of the value of $10,000, and plaintiff received the residue of the community property, which is of the value of $11,681.

Plaintiff was indebted at the date of the decree in the sum of $11,800, which he has since reduced to $5,358.

Defendant also possessed at that date certain other money or money invested of the value of say $3,100 (presumably her separate property), of which she still has $1,600 invested with a son in Oregon.

The decree awarded the two infant children to the custody of defendant, and provided that she be charged with their maintenance and education at her own cost and free from any charges against the plaintiff therefor; that she should not have any alimony or allowance from the plaintiff, and that she should not remove the children from the state of California, except by leave of the court.

This decree, so far as the disposition of the property, custody of the children, waiver of alimony, costs, etc., was entered pursuant to a stipulation, entered into and signed by the parties, husband and wife. The admission of this stipulation in evidence was objected to by defendant, and the ruling against her is assigned as error.

Plaintiff married again after his divorce from defendant; had

an income from his business as a real estate and insurance agent of over three thousand dollars per annum until his health failed, and he was compelled to give up in part his business, and it is not probable he will in the future be able to do more than meet expenses and indebtedness.

Soon after the divorce defendant removed the children to Oregon, where she has cared for and educated them in a manner suited to their condition in life, and the court finds that "no present necessity exists for any better support or any higher education than they have received and are receiving from the defendant."

At the present time defendant's real property is encumbered to the extent of one thousand dollars, and yields a revenue of fifteen dollars per month, and she still retains a claim for sixteen hundred dollars for money loaned against her son, a business man, in Portland, Oregon.

The foregoing constitutes an epitome of the findings upon which the court drew the conclusion of law that defendant was not entitled to the relief sought in her application.

We need not stop to discuss the duty of parents to support and educate their minor children during the existence of the marital relation, or to those cases where, after the severance of that relation by a decree of divorce which consigns the custody of the infant children to the mother and is silent as to their maintenance.

Our Civil Code, section 138, provides that: "In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

In the present instance the court by its decree relegated the custody, maintenance, and control of the minor children of the marriage to the mother, the defendant herein, and provided that she should be charged with the education and maintenance of them at her own proper cost and free from any charges therefor against the plaintiff.

In view of the disposition of the community property, this was no doubt a proper and equitable settlement as between the parties of the burden of caring for and maintaining the off-

spring.  So far as we can see from the record, the plaintiff only received about sufficient of the property to pay his debts, while the defendant acquired property of the value of ten thousand dollars, free from all charge or encumbrance.  She has nine thousand dollars in value of  this property left.  The decree embodied the exact terms of the agreement or stipulation of the parties, and no reason is perceived why, as between themselves, defendant, who has reaped all the advantages of her contract, and which she does not aver was unjust in any of its parts, should not exercise the common honesty of carrying out its terms.

The authority of the court to modify the decree in a proper case, and to provide when necessary that the plaintiff shall discharge his paramount duty in caring for and defraying  the expense of educating his children, is not doubted.  The stipulation of the parents cannot divest them, as against the children, of this duty.  (*Wilson v. Wilson,* 45 Cal. 399.)

This application is by the defendant, and, had it been granted, would have inured to her benefit by casting  the burden of maintaining and educating the children upon the plaintiff, and thereby preserving to her the property, which we must suppose was awarded to her at least in part for this very purpose.  But it is contended by appellant that the stipulation in question was not admissible in evidence, that its admission was error.  A previous understanding or agreement is not admissible to vary or modify a decree  of divorce or to change the rights of  the parties as determined thereby.  (*Wilson v. Wilson, supra.*)

But the stipulation here does not modify or change the judgment or the rights of the parties.  On the contrary, it supports and upholds such judgment.  It was tantamount to an agreed statement of facts upon which that portion of the decree relating to property rights, custody of the children, etc., was based, and hence was admissible in evidence.

There is no specification of the particulars wherein the evidence was insufficient to justify the findings, and, had there been, we think the findings have ample support in the testimony.  These findings show that the minor children are properly supported, maintained, and educated.

As the application was without merit, the application for a counsel fee was properly denied.

We recommend that the order appealed from be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.