[L. A. No. 5419. In Bank.—June 1, 1918.]

GRIFFING BANCROFT, Appellant, v. ETHEL BANCROFT, Respondent.

DIVORCE — CUSTODY OF CHILDREN — INTERLOCUTORY DECREE — MODIFICATION.—Where, in an action for divorce brought by the husband, on the alleged ground of desertion, against his wife, who, with his consent, had left the state on a visit to her parents, she appeared by an attorney procured by him for her but filed no answer and made no opposition to the divorce, and, on the plaintiff's testimony to the defendant's willful desertion, without the taking of any evidence as to which of the parties was the most suitable person to have the custody of the children, the interlocutory decree in favor of the husband, awarded their custody to him, there was no abuse of discretion on the part of the trial court, in modifying the interlocutory decree before the entry of the final decree, and, in accordance with such modification, entering a final decree so as to award the custody

of the children to the defendant until their majority or until further order of the court, with leave to the plaintiff to visit them at certain intervals, and so as to require the plaintiff to pay to the defendant a monthly sum for their support, maintenance, and education, such modification having been made on the application of the wife, who appeared and testified fully as to her qualifications and was supported in her testimony by a number of other witnesses, without refutation by the husband, who was also shown to be about to marry again.

ID.—JURISDICTION OF COURT—WELFARE OF CHILDREN PARAMOUNT.—In respect to the children of a marriage, which is being dissolved at the suit of either or both parties to it, the court is invested with jurisdiction to determine to which of the spouses the custody of the children shall be assigned, and it retains such jurisdiction during the pendency of the case; and the welfare of the children is the paramount interest in determining who shall be their custodian, and in the exercise of this jurisdiction, the very large measure of power vested in the trial court will not be interfered with upon appeal except in the clearest instance of its manifest abuse.

ID.—ALLOWANCE FOR SUPPORT OF CHILDREN.—The making and modifying of orders for the payment of money for the support, education, and maintenance of children committed to the care of one of the spouses is a mere incident to the order for their custody, and may be made to suit the changed conditions created by such orders.

ID.—COUNSEL FEES ON MODIFICATION OF DIVORCE DECREES.—Trial courts have power to make allowances of counsel fees upon motions to modify decrees in divorce cases.

APPEAL from an order of the Superior Court of San Diego County modifying an interlocutory decree of divorce, and from the portions of the final decree embodying such modifications. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Ward, Ward & Ward, and Sweet, Stearns & Forward, for Appellant.

Luce & Luce, and Joseph L. Lewinsohn, for Respondent.

RICHARDS, J., pro tem.—This is an appeal from an order of the superior court modifying an interlocutory decree of divorce, and also from such portions of the final decree as embody the modifications of the interlocutory decree embraced in the said order appealed from. The facts of this case essen-

tial to the determination of this and also of the several other pending appeals of the parties hereto may be briefly summarized as follows: The parties hereto were married in the year 1901. Three children were born to them—Barbara, a daughter, now of the age of fourteen years, and Griffing and Hubert Howe, sons, now, respectively, eleven and eight years old. Prior to the year 1914 discords had arisen between the parties hereto, due in a large measure to conduct of the defendant which would have constituted cause for a divorce upon other grounds than desertion. In the year 1914 the wife went east on a visit to relatives there, with her husband's concurrence and consent and with no intent of desertion on her part. A short time thereafter plaintiff wrote a letter to her to the effect that they could no longer live together as man and wife and informed her that he would pay her the sum of $125 monthly for her support and permit her to have the custody and care of the daughter Barbara, with permission to see and visit their two sons. The defendant acquiesced in this condition. A few months later plaintiff informed the defendant that he desired and intended to secure a divorce from her on the ground of desertion, and that he also desired and requested her consent to such divorce and her agreement to refrain from contesting the same. This the defendant agreed to, and the plaintiff thereupon commenced this action, and in the course thereof, and with the defendant's consent, procured an attorney to represent and appear for her in the action, but not to make any contest of opposition thereto. In pursuance of this arrangement, the defendant appeared by such attorney, but filed no answer or other objection to the granting of the divorce, and the plaintiff upon the hearing testified to the defendant's willful desertion. An interlocutory decree upon such evidence was entered on the 22d of June, 1916. By such decree it was provided that the plaintiff should have the care and custody of the three children of the parties to the action. Matters remained in this condition until the month of May, 1917, the defendant in the meantime having the actual custody of the daughter Barbara, and the plaintiff retaining the custody of the two boys, and sending to the defendant in the east, where up to this time she remained, a monthly allowance of $125. At this time, however, according to the defendant's story, the plaintiff informed her that he would not permit her to see or visit their two sons, and he also ceased to pay her

said allowance. Whereupon the defendant came to California and consulted counsel as to her rights in the premises, with the result that on June 4, 1917, she filed herein an application to have the interlocutory decree amended so as to give her the custody of the children, with an allowance for their support, and the final decree stayed until such amendment could be made. To this application the plaintiff presented a demurrer upon the ground that the court had no jurisdiction to grant such application, and that the same did not state facts sufficient to constitute a cause of action; and also filed an answer thereto denying all of the material averments thereof. Thereafter and on July 27, 1917, the defendant filed an application to have the interlocutory decree set aside on the ground that it was procured by collusion. To this application the plaintiff also demurred, upon the ground of lack of jurisdiction in the court to entertain or act upon the same, and on the further ground that it did not state facts sufficient to constitute a cause of action. The court, on August 7, 1917, sustained this demurrer without leave to amend, and from its order made in that behalf the defendant has taken an appeal. On August 27, 1917, the trial court proceeded to hear evidence upon the defendant's first application for a modification of the interlocutory decree as to the custody and support of the children, and on August 29, 1917, made its order modifying the interlocutory decree so as to award the custody of the children to the defendant until they should reach the age of majority, or until further order of the court, with leave to the plaintiff to visit them, and for their temporary custody at certain intervals; and further amended said interlocutory decree by requiring plaintiff to pay to the defendant two hundred dollars monthly for the support, education, custody, care, and maintenance of said children, one hundred dollars for the cost of bringing Barbara from New York to Los Angeles, two hundred dollars counsel fee for the prosecution of the motion, and her costs incurred therein. On the same day the court made and entered its final decree granting the plaintiff a divorce, but embodying in said final decree the modifications made on that day in the interlocutory decree. Thereupon the plaintiff took this appeal from the order modifying the interlocutory decree and from that portion of the final decree embodying such modifications. The defendant also took an

appeal from that portion of the final decree granting plaintiff a divorce. In the meantime, and on June 21, 1917, the defendant herein had commenced action against the plaintiff herein to have set aside the interlocutory decree in this action, upon the ground of collusion, setting up in her complaint substantially the same facts as those averred in her application to have said decree set aside. The plaintiff herein and defendant in said last-named action demurred to said complaint upon the same grounds as those urged against said former application. The court sustained said demurrer without leave to amend and dismissed said action, and from its order and judgment so made the plaintiff in that action has taken an appeal. These four several appeals are now before this court for determination, but the only one herein to be considered is the appeal of the plaintiff from the order modifying the interlocutory decree as to the custody and support of the children and from the portions of the final decree which embody such modification, and also from so much of said order and decree as purports to allow to the defendant counsel fees and costs.

The first contention of the appellant herein is that it was an abuse of legal discretion on the part of the trial court to modify its interlocutory decree so as to transfer the custody of the children from the father, to whom they had been awarded by said decree, to the mother, in the absence of any showing of new facts and circumstances arising since the making of said decree and justifying the change in the children's custody. It is unnecessary to consider whether or not the authorities cited by counsel for the appellant correctly state the law in this respect, for the reason that an inspection of the record satisfies us that there was not only presented to the trial court upon the motion for modification of the decree a different state of facts than those considered by it in making the original decree, but that there was also presented it a different status of the parties arising since the entry of such decree sufficient to justify the exercise of its discretion in modifying its terms. Upon the original trial of the cause the defendant did not appear in person, and the decree was made upon the formal hearing following her prearranged default. No evidence was taken upon the question as to which of the parties was the most suitable person to be given the custody

of the children, but they were awarded to the father upon his request for such an order. Upon the hearing of the motion to modify this award the defendant herself appeared and testified fully as to her qualifications to be their custodian, and was supported in such testimony by a number of other witnesses. From this evidence it appeared that the daughter Barbara had been in the actual custody of the defendant ever since the making of the original decree; that the plaintiff had but recently denied her the privilege of seeing the two boys, in violation of his agreement in that regard made prior to the making of said decree; that the two boys had been much of the intervening time in charge of others than the plaintiff; that the plaintiff was about to marry again. Upon the hearing upon the motion to modify the decree the plaintiff did not take the witness-stand to refute the testimony given by the defendant or the other witnesses in her behalf. Under such conditions there was clearly no abuse of discretion on the part of the trial judge in assuming to modify the former decree in respect to the custody of the children. It is conceded that in respect to the children of a marriage which is being dissolved at the suit of either or both of the parties to it the court becomes invested with jurisdiction to determine to which of the spouses the custody of the children shall be assigned, and that it retains such jurisdiction during the pendency of the case before it, and that the welfare of the children is the paramount interest before the court in determining who shall be their custodian, and that in the exercise of this jurisdiction the trial court is invested with a very large measure of power, which will not be interfered with upon appeal except in the clearest instance of its manifest abuse. No such case is presented by the record before us.

The appellant's next contention is that the evidence presented before the court was insufficient to justify the making of its order modifying the interlocutory decree in respect to the custody of the children. It would serve no useful purpose to enter into a detailed review or discussion of the evidence upon which the modifying order of the trial court was predicated. We deem it sufficient to say that after a careful consideration of the entire record we are satisfied that there was a sufficient showing made on behalf of the defendant to justify the court in making the order appealed from, and to re-

peat that, in the absence of any showing of an abuse of its discretion in the premises, such order will not be interfered with upon appeal.

The appellant's next contention is that the trial court was in error in modifying the interlocutory decree so as to allow the defendant the sum of two hundred dollars a month for the support, education, and maintenance of the children awarded to her custody. The making and modifying of orders for the payment of money for the support, education, and maintenance of children committed to the care of one of the spouses is a mere incident to the order for their custody, and may, of course, be made to suit the changed conditions created by such order. This the appellant does not dispute, but he contends that the sum awarded was in part given for the support of the defendant herself, and to that extent was alimony given to the offending and defaulting spouse, which, appellant insists, it was beyond the power of the court to award. The record does not bear out this contention. The order itself confines the expenditure of the sum awarded to the care, support, education, and maintenance of the children themselves. The evidence does not show that the sum awarded was disproportionate to that required for these purposes nor to the plaintiff's means or station in life. This court will not assume upon this appeal that the court intended its award to be applied to any other purposes than those specified in its order or that it will be so applied. The discretion of the court in this respect was not abused nor was its action error.

The final contention of the appellant is that the order of the court was erroneous in its allowance of the sum of one hundred dollars for the expense of bringing the daughter Barbara from New York to Los Angeles, and the further allowance of the sum of two hundred dollars as counsel fees to the defendant upon her motion for the modification of the interlocutory decree. As to the first of these allowances it was merely an additional award on account of the care and maintenance of this one of the children, and was within the discretion of the court. As to the allowance of counsel fees upon motions to modify decrees in divorce cases, such orders have heretofore been upheld by this court. (*Grannis* v. *Superior Court,* 143 Cal. 630, [77 Pac. 647]; *Bohnert* v. *Bohnert,* 91 Cal. 431, [27 Pac. 732]; *Bruce* v. *Bruce,* 160 Cal. 28, [116 Pac. 66].)

The order in the instant case is not assailed as dispropor-
tionate to the plaintiff's financial ability to respond to it.

No error appearing in the record, the order is affirmed.

Sloss, J., Melvin, J., Wilbur, J., Shaw, J., and Angellotti,
C. J., concurred.

Rehearing denied.