[Sac. No. 4393. In Bank.—August 14, 1931.]

OSCAR KARLSLYST, Appellant, v. ELSIE FRAZIER, Respondent.

George E. McCutchen for Appellant.

Otis D. Babcock for Respondent.

SEAWELL, J.—Appellant, Oscar Karlslyst, brought this action to obtain equitable relief from a provision in an interlocutory decree of divorce entered in an action brought against him by respondent herein, who is now Elsie Frazier, ordering him to contribute $25 a month to the support of Marian Elaine Karlslyst, found by the court to be the child of the parties, until further order of court.

As grounds for relief appellant alleged that said Marian Elaine Karlslyst, born four months after his marriage to respondent, was not his child; that at the time of their separation, which was about a year after marriage, he had agreed to pay respondent $400 in installments in full satisfaction of all claims against him, and in consideration thereof she had agreed to care for and provide for said child, and he had faithfully paid said sum; that when it appeared that respondent prayed for support for said child in her action for divorce, an agreement had been entered into between her attorney and appellant's attorney, on behalf of their respective clients, that if appellant did not appear and contest said action she would not apply for any relief other than temporary alimony and no other relief would be asked for or taken; and that respondent applied for an interlocutory decree without further notice to appellant or his attorney, and, in violation of said agreement, and without advising the court thereof, applied for and was awarded relief in excess of that provided for in the agreement. Respondent denied the making of said agreements, and also the appellant's contention that the child was not his, and the court found in her favor on both questions.

The action was brought in 1929, more than five years after the entry of the interlocutory decree, appellant claiming that he had no notice of the provision for support contained therein until 1927. Said provision was not carried into the final decree, but in view of the fact that the final

decree did not purport to modify the order of support, said order remained effective.

Conceding that extrinsic fraud was practiced upon appellant by respondent concealing from the court her agreement to assume full support of said child and to take no award for its support, which agreement induced appellant to absent himself from the hearing, appellant is not entitled to equitable relief on the facts shown. ▮ Before relief may be obtained in equity from a judgment affected with extrinsic fraud, it must appear that said judgment is unjust and that a different judgment would have been entered but for the fraud practiced. (*Lee* v. *Colquhoun,* 175 Cal. 16 [164 Pac. 894]; *Matson* v. *John Batto & Sons,* 173 Cal. 800 [161 Pac. 1144]; *Bell* v. *Thompson,* 147 Cal. 689 [82 Pac. 327]; *Burbridge* v. *Rauer,* 146 Cal. 21 [79 Pac. 526]; 15 Cal. Jur. 29; 3 Freeman on Judgments, secs. 1189, 1190.) Appellant has not met the burden which the law placed upon him as the party attacking the judgment.

▮ The evidence offered by appellant to establish that the child was not his falls far short of meeting the requirements of the law. It is admitted that he did not at any time deny paternity of the child born four months after his marriage with respondent until he filed the complaint in the present action, some seven years after the birth of said child. In a justice court action brought to compel him to comply with the terms of the decree which provided that he should contribute to the support of said child he made no question of its paternity. Said parties were residents of Wisconsin before they came to California, and had been intimate in that state. Upon coming separately to reside in this state, they resumed their former relationship. Appellant knew that respondent was pregnant when he married her in 1921.

In the present action appellant introduced the testimony of a physician, who stated that he was then sterile by reason of having been afflicted at some time in the past with a venereal disease. Appellant himself testified that he had suffered from such a disease in 1919, which was more than a year before the conception of the child. The physician's testimony related to a time more than eight years after the conception of the child, and he was unable in the nature of the case to determine at what time the condition of sterility had developed. Furthermore, the testimony of said physi-

cian would not seem to establish absolute sterility. Respondent testified that appellant was the father of her child, and all reasonable inferences to be drawn from the circumstances support her testimony. For the court to have found in favor of appellant upon evidence so inconclusive as that relied upon to establish illegitimacy as to the child and promiscuity on the part of her mother, would certainly have been a finding in derogation of rather than in favor of legitimacy, contrary to the rule favoring legitimacy in cases such as this, wherein the facts are sufficient to sustain legitimacy.

■ Appellant has also failed to show that if the agreement of respondent to assume the full support of the child had been disclosed and he had been present in court he would not have been required to contribute to the support of said child. It was beyond the power of the parties to deprive the court by their private contract of its right to make such suitable provision for the support of their minor child as her welfare required. (*Lewis* v. *Lewis*, 174 Cal. 336 [163 Pac. 42]; *Black* v. *Black*, 149 Cal. 224 [86 Pac. 505]; *Parkhurst* v. *Parkhurst*, 118 Cal. 18 [50 Pac. 9]; *Merrit* v. *Merrit*, 106 Cal. App. 238 [289 Pac. 240]; *Fernandez* v. *Arburrea*, 42 Cal. App. 131 [183 Pac. 366].) Evidence of an agreement is relevant in placing the burden of support, but the court is not bound thereby. Appellant offered no evidence to show that if the agreement had been given effect the child would have been adequately cared for by her mother, or that he was unable to contribute $25 a month to her support.

■ For the same reason the decree cannot be set aside on the ground that the relief granted exceeded that prayed for (sec. 580, Code Civ. Proc.), in that it was to continue in effect until further order of the court, whereas plaintiff prayed for support only during the pendency of the action. Such a decree is not void. (*Cohen* v. *Cohen*, 150 Cal. 99 [11 Ann. Cas. 520, 88 Pac. 267]; *Parker* v. *Parker*, 203 Cal. 787 [266 Pac. 283].) In view of the fact that the interests of the child are a factor of prime importance the court is not bound by the contract of the parties or the prayer for relief. ■ In the absence of a showing that the amount awarded is not necessary for the support of the child nor beyond the ability of the plaintiff to pay, equity will not afford relief from the decree.

Nothing said herein bars appellant from applying for a modification of the original order. (Secs. 138, 139, Civ. Code.) As to the merits of such an application we express no opinion.

The judgment is affirmed.

Shenk, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.