[S. F. No. 13452. In Bank.—October 16, 1931.]

ANGELO SCILINI, Respondent, v. MARY L. SCILINI, Appellant.

A. J. Stebenne for Appellant.

Joseph J. Bullock for Respondent.

CURTIS, J.—The parties hereto were granted an interlocutory decree of divorce on the twenty-third day of January, 1926. The decree was granted on the cross-complaint of the defendant, which charged cruelty on behalf of the husband, the plaintiff. By the decree the care, custody and control of the minor child of the parties, a boy then about sixteen months old, was awarded to the defendant, the mother "until the further order of this court, and the right is given to plaintiff to visit said minor child at all reasonable times, and at all reasonable times to take him to places of amusement". The decree further provided that the plaintiff should pay to the defendant the sum of seventy-five dollars per month for the support of herself and said minor

child. On January 31, 1927, a final decree of divorce was made by the court, which contained the same provisions respecting the care, custody, control and support of the minor child as did the interlocutory decree.

From the record before us it is apparent that many disagreements and controversies arose between the parties regarding the rights of the plaintiff under said decree to visit and have the custody of said minor. The plaintiff made frequent applications to the court for a modification of this decree. All of these applications, made prior to December 19, 1928, with one exception when the court permitted the plaintiff to take the minor child for a week's visit to Hollister, were either denied by the court or withdrawn before any action was taken thereon. ■ On December 19, 1928, plaintiff filed an application for a modification of both the final and interlocutory decrees respecting the care and custody of the minor child, and also regarding its support. With this application the plaintiff filed a supporting affidavit by himself to which the defendant filed a counter-affidavit. The application came on for hearing before the court on December 22, 1928. At that time the court made a minute order purporting to modify the interlocutory decree of divorce and submitted for decision the application for modification of the final decree. On January 9th following, the trial court filed and entered a formal written order modifying the final decree of divorce. From this order of January 9th the defendant has taken this appeal. No appeal was taken from the minute order of the court modifying the interlocutory decree. Whatever may have been the effect of this minute order, we think it was superseded and nullified by the subsequent written order of the court of January 9th modifying the final decree of divorce and fixing and determining the rights of the parties to the care, custody, control and support of said minor child.

The pertinent portions of said last-named order read as follows:

"Wherefore, by reason of said findings of fact and conclusions of law, it is hereby ordered, adjudged and decreed that said final decree or divorce be and the same is hereby modified.

"In regard to the care, custody and support of said minor child, Angelo Joseph Scilini, to read as follows, viz.:—the care, custody and support of said minor child, Angelo Joseph Scilini, until the further order of this court be and is hereby awarded to both plaintiff and defendant. The plaintiff to pay defendant the sum of twenty-five ($25) dollars per month for the support and maintenance of said minor child while said child is in her care, and until the further order of this court.

"Plaintiff to have the custody of said minor child each and every Sunday afternoon from two (2) o'clock P. M., until sundown, and upon such other days each week as said parties may agree, failing to so agree, the court upon application of either party will determine such time."

While the intent and meaning of this order respecting the care and custody of said minor is not entirely clear, we construe it to be that the plaintiff, the father of said minor, was to have the care and custody of said minor "each and every Sunday afternoon from two (2) o'clock P. M. until sundown, and upon such other days each week as said parties may agree", and that the defendant, the mother, should have its care and custody all of the balance of the time. Respondent, the father, concedes that the construction we have given to this portion of the decree as modified is the correct one. It is not clear just what the position of the appellant, the mother, is in respect to the meaning of this decree in its modified form. Surely she could not ask for a more favorable construction of this provision of the decree than that which we have given to it. If her fears are occasioned by the terms of the minute order modifying the interlocutory decree respecting the care, custody and control of the minor, they are unfounded, as we held that the minute order is superseded and was rendered ineffective by the formal written order modifying the final decree of divorce.

As we view the original final decree and the final decree as modified we are unable to say that the latter is more favorable to the plaintiff than the former. By the original decree the plaintiff, or father, was given the right to visit the minor child and take him to places of amusement at all reasonable times. By the modified decree his rights to the custody of the minor are restricted to Sunday after-

noon of each week between 2 o'clock and sundown. The exercise of any further right to the custody of the minor by the father can only be had with the consent of the defendant. It is true the court reserved the right to determine the time when the plaintiff might have the custody of the minor in addition to Sunday afternoon in case the parties failed to so agree, but this right the court would have had even without such reservation.

It is not an easy matter to determine just what is the position or claim of the appellant, the mother, on this appeal. She cites section 246 of the Civil Code which prescribes the general rules to be followed by the court in awarding the custody of minors, and intimates that the same were not followed by the court in its order appealed from. Among other things, it is there provided that, "other things being equal, if the child is of tender years, it should be given to the mother". As we have seen in all of the decrees and orders made by the court respecting the care and custody of said minor, the court awarded the child to the mother. A further provision contained in said section of the code is that in awarding the custody of a minor child the court should be governed, "by what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare". It does not appear that this provision of the code section was in any way violated by the trial court when it modified the terms of the final decree, so that the father instead of being given the right to visit the child and take him to places of amusement at all reasonable times, was awarded the custody of the child only on Sunday afternoon of each week. It has not been made clear to us that there was anything more detrimental to the best interest of the child for the father to have its custody Sunday afternoon than on any other days, morning or afternoon.

There is an intimation in defendant's brief that the court abused its discretion in permitting the father to have the custody of the child for any period of time whatever. In this connection it is stated in her brief that the court erred in failing to consider as conclusive the testimony given in the affidavits of appellant, Dr. Blood, and Mrs. Mangini, appellant's mother, regarding the health of the child and the mother's ability to care for it. Conceding

that this testimony is undisputed, we do not think that the order made by the court modifying the final decree was to any material extent inconsistent with this testimony. While defendant was opposed to the father visiting the child or having the custody at any time, yet this right was given to the father in the original final decree, and defendant made no application to have the terms of the decree modified. She simply resisted the father's attempt to have his right to the custody of the child enlarged over those imposed by the final decree. She and her witnesses above mentioned gave evidence by affidavits to the effect that it was not for the best interest of the child, considering its state of health, that the father should have its care and custody, and furthermore, that when the child was with its father the latter gave it food and other things to eat which impaired its health. With this testimony before the court, it refused to modify the terms of the decree as requested by the father, and limited the time when he might see or have the custody of the child to one afternoon of each week. We find nothing in these acts of the court which would justify the conclusion that the court abused its discretion.

■ Defendant further contends that the decree as modified is indefinite and uncertain and will result in further litigation between the parties. We have held that the order modifying the final decree is not as clear as it might have been made, still its terms are susceptible of construction and we have given it what we deem to be a fair and reasonable interpretation. That it will result in further litigation is apparent unless the parties thereto agree between themselves as to the times when the father may have the custody of the child other than on Sunday afternoon of each week. This is not ground for reversing the judgment. The trial judge undoubtedly thought he would give the parties one more opportunity to reach an amicable agreement regarding the times when the father might have the child with him. In case they failed in this respect the court would act in the matter.

■ We have considered the minute order of December 22, 1928, and the affidavit of Dr. Blood as if they were legally a part of the record in this case, where in fact they are not. Neither of them is set forth or referred to in the

transcript on appeal. They are printed in the appendix to appellant's brief but the mere printing of them in such appendix does not make them a part of the record on appeal, or give to the court any right to consider them in passing upon the merits of the appeal.

The order is affirmed.

Langdon, J., Preston, J., Seawell, J., Shenk, J., Waste, C. J., and Richards, J., concurred.