[S. F. No. 13950. In Bank.—April 21, 1932.]

WILLIAM J. McMILLAN, Appellant, v. MATHILDA McMILLAN, Respondent.

Noel A. Troy for Appellant.

J. H. McKnight and Albert T. Roche for Respondent.

THE COURT.—Appeal from an order denying a motion to quash a writ of execution issued by the Superior Court in and for the County of Alameda upon petition of defendant and respondent after default by the appellant in the payment of $100 monthly to respondent in conformity

with the terms of a community property settlement agreement that was to be "a final, full and complete settlement and division of all the community property rights or property interest between the parties". The agreement was introduced in evidence in the divorce action and was approved and made a part of the interlocutory decree "as fully and completely as if the same were herein set forth". The agreement provided for the payment of $100 a month to respondent for the support of herself and the minor child of the parties. In the event of respondent's marriage the payments were to be "reduced to the sum of thirty-five (35) dollars per month until the minor child of the parties hereto shall have reached the age of 25", or become married. The final decree of divorce was entered on November 19, 1921.

In August of 1928 the appellant noticed a motion to modify the interlocutory decree by changing the custody of the child, then thirteen years of age. After hearing upon the motion, the parties being present and represented by their attorneys, the trial court entered an order on August 17, 1928, directing that the child reside with a Mrs. Leila Feeley. The custody of the child was not changed, however, but remained in the respondent. With the entry of this order the appellant ceased making payments to the respondent as required by the property settlement agreement and the interlocutory decree. In June of 1929, the appellant, then being in default of his payments to the extent of $1,050, was cited to show cause why he should not be adjudged in contempt. At the conclusion of the hearing on the charge of contempt the court, on June 21, 1929, made an order awarding the temporary custody of the minor to the appellant, and directing further that during such period the expense of the support and maintenance of the child should be deducted from the $100 a month provided to be paid to respondent in the property settlement agreement and interlocutory decree.

At the same time, the court directed a correction of the minutes of the order of August 17, 1928, so that the same should read additionally: "And all sums paid toward the support and maintenance of the said minor shall be deducted from the sum heretofore awarded to defendant" as

expressing the order intended to be made on that date. This change of the minutes and order was made some ten months after the entry of the order of August 17, 1928, and without notice to the respondent.

On September 30, 1929, the respondent set forth in an affidavit that there was then due and unpaid under said property settlement agreement of the parties as set forth and entered in the interlocutory decree, the sum of $1450, and asked that the superior court issue its writ of execution in favor of respondent and against the property of the appellant. The writ was issued and levy made and return filed.

The appellant moved to quash the writ of execution on the ground that said writ was not authorized by the interlocutory decree as modified by the orders made on August 17, 1928, and June 21, 1929, and that the same was in an excessive amount to the extent of $1312.25, which latter sum appellant claims to have expended in the support and maintenance of said minor. This motion came regularly on for hearing. The counter-affidavit of the respondent set forth affirmatively that that portion of the affidavit of the appellant on said motion reading: "That on the 17th day of August, 1928, the said court by an order duly and regularly made, modified the said judgment hithertofore granted and provided that the said minor child shall reside with Mrs. Leila Feeley and that the sums of money paid by defendant towards the support and maintenance of the said minor child shall be deducted from the sum heretofore awarded to defendant" was false and untrue.

The affidavits of the parties and oral evidence were introduced in evidence. At the conclusion of the hearing the court below found "that the record in this action entered August 17, 1926, in minute book 1085 at p. 250 is correct and is the order that . . . (the judge who presided at the hearing) directed to be entered", and thereupon made its order denying the motion to quash the writ of execution, from which order appellant has appealed.

The contention of appellant is that the modifying orders of August 17, 1928, and June 21, 1929, are valid orders. The respondent contends that the orders are, and each of them is, void as in excess of jurisdiction as to that por-

tion which directs that the cost of the support and mainte-nance of said minor be charged against the $100 a month agreed to be paid to respondent by appellant under the property settlement agreement of the parties which was made a part of the interlocutory decree.

It is not necessary to enter upon a consideration of the finality of interlocutory decrees dealing with property rights of parties to a divorce action after the time for appeal has passed, nor the question of jurisdiction of the subject matter incidental thereto. (*Johnson* v. *Johnson,* 104 Cal. App. 283, 288 [285 Pac. 902]; *Bancroft* v. *Bancroft,* 178 Cal. 367 [173 Pac. 582].) The provisions of section 138 of the Civil Code are broad and elastic and are to be so applied when dealing with the support and maintenance of the minor children of the parties to a divorce action. The appellant by his motion to quash execution undertook the burden of establishing that a lawful order has been made by a court of competent jurisdiction deducting the cost of the care and maintenance of the minor from the $100 payable to respondent each month. While it is true that the modifying order of August 17, 1928, in regard to where the child should reside as made and found to have been made by the lower court was within the jurisdiction of the superior court to make, and the court might properly have made an order, under section 138, *supra,* charging either or both parents with the expense of the support and maintenance of the minor, the precise question here involved is whether or not such an order had, in fact, been made. The court which heard the motion to quash the writ of execution found and concluded upon conflicting evidence that no such order was made. Upon an appeal therefrom we are bound by the trial court's finding in this regard unless it can be said as matter of law there was no substantial evidence before the court to support such conclusion. A reading of the transcript convinces us there is ample evidence to support the lower court's finding against the validity of the attempted modification of June 21, 1929. This being so and there having been no actual modification of the original order requiring the appellant to pay $100 a month to the respondent for the support and maintenance of herself and minor child, the superior court acted with

propriety and within its jurisdiction when it extended its aid to the enforcement by execution of the payment of such amount as was in default under the interlocutory decree (sec. 137, Civ. Code) and refused to grant the motion to quash the execution.

The order is affirmed.

Rehearing denied.