[Civ. No. 1498. Fourth Appellate District.—November 10, 1934.]

CELIA ADAMS, Appellant, v. CARL W. ADAMS, Respondent.

Swing & Swing for Appellant.

Lester G. King and Byrne & Coughlin for Respondent.

MARKS, J.—On December 31, 1931, plaintiff was awarded an interlocutory decree of divorce. During the pendency of the divorce action the parties entered into a contract settling their property rights and providing that defendant pay plaintiff $125 each month for the support of their two minor children, the payments to continue "during such time as the said child or children shall remain in the care and

custody of said second party, and until such child or children shall become of age, marry or become self-supporting". The interlocutory decree, in reference to this contract, said: "It is ordered, adjudged and decreed that the property settlement agreement executed by and between the plaintiff and defendant . . . is hereby wholly approved, ratified and affirmed as a just and equitable division of the community property and settlement agreement. . . . " It was "further ordered, adjudged and decreed that pending a final judgment and until a further order of the Court in the premises 'That the defendant pay the plaintiff, Celia Adams, as and for the support of Celia Jean Adams and William Carl Adams, the minor children of plaintiff and defendant, the sum of $62.50 per month for each respective child, . . . ' " The same provision for the care of the children, and approval of the property settlement agreement, are set forth in the final decree of divorce, the support for the children again being awarded "until a further order of the Court in the premises".

On April 5, 1933, at the instigation of defendant the trial judge issued an order requiring plaintiff to show cause why the monthly support of the minors should not be reduced from $125 to $60 per month. At the hearing the decree was amended by reducing the monthly payments for the support of the children to $75. The order amending the decree contained the following findings of fact: "And it satisfactorily appearing to the Court from competent evidence adduced at the time of the hearing that:

"(a) Said defendant is a dentist by profession and was at the time of the entry of the interlocutory and final decree herein, earning and receiving from his profession a gross income of approximately $800.00 per month.

"(b) Because of business conditions, said income has steadily decreased until, at the time of said hearing on the 17th day of April, 1933, the gross income of said defendant from his profession and all other sources amounted to an average of approximately four hundred twenty-five dollars ($425.00) per month.

"(c) After deducting rent, salary for help, telephone bills, outlay for supplies, including gold, amalgam, and other materials, laboratory work performed in Los Angeles,

California, the said defendant did not have sufficient income to provide himself with the common necessaries of life.

"(d) Defendant owns no real property whatsoever and no personal property which produces an income or which could be sold or hypothecated for money at this time, except his office fixtures and dental equipment with which he earns his living."

It appears that both parties appeared and testified at the hearing, but their testimony is not incorporated in the record. Therefore the foregoing findings must be treated as being supported by the evidence. It is stipulated that the property settlement agreement was considered by the trial judge in making his order.

A stipulation signed by counsel for both parties contains the following paragraph: "It is further stipulated that no evidence except defendant was a dentist by profession was taken or received either as to defendant's ability to pay or as to the necessities of plaintiff at the time the court made the interlocutory decree of divorce in the above entitled action and fixed there the amount which defendant was required to pay to plaintiff, said sum being $125.00 per month, but that such provision in said judgment and decree of divorce was inserted therein as a result of a stipulation and in accordance with said property settlement contract, and that such contract formed the basis for such provision in such decree."

Defendant urges that the notice of appeal was given too late to give an appellate court any jurisdiction. Under date of June 20, 1933, the following minute order appears in the record: "It is ordered that the interlocutory and final decrees herein be, and are hereby modified by reducing the amount of support, which defendant was heretofore ordered to pay, to the sum of $75.00 per month, effective as of the first day of June, 1933." The order modifying the decree of divorce was signed and entered on July 14, 1933. The notice of appeal was signed and filed on September 11, 1933, more than sixty days after the minute order was made, and less than that time after the formal order was made and entered.

A notice of appeal must be filed within sixty days from the entry of the judgment or order appealed from. (Sec. 939, Code Civ. Proc.; *Southern Pac. R. Co.* v. *Willett*, 216

Cal. 387 [14 Pac. (2d) 526].)  There is nothing in the record to show that the minute order was ever "entered". This makes it unnecessary for us to determine whether or not the minute order, had it been entered, would have constituted an order modifying the decree from which an appeal must be taken within sixty days from its entry.  A somewhat similar situation was passed upon in *Scilini* v. *Scilini*, 214 Cal. 99 [3 Pac. (2d) 1020], where it was said: "On December 19, 1928, plaintiff filed an application for a modification of both the final and interlocutory decrees respecting the care and custody of the minor child, and also regarding its support.  With this application the plaintiff filed a supporting affidavit by himself to which the defendant filed a counter-affidavit.  The application came on for hearing before the court on December 22, 1928.  At that time the court made a minute order purporting to modify the interlocutory decree of divorce and submitted for decision the application for modification of the final decree.  On January 9th following, the trial court filed and entered a formal written order modifying the final decree of divorce. From this order of January 9th the defendant has taken this appeal.  No appeal was taken from the minute order of the court modifying the interlocutory decree.  Whatever may have been the effect of this minute order, we think it was superseded and nullified by the subsequent written order of the court of January 9th modifying the final decree of divorce and fixing and determining the rights of the parties to the care, custody, control and support of said minor child."

Plaintiff maintains that as the award of $125 per month for the support of the minors was based on a contract of the parties, it cannot be changed by the court.  She cites the following California cases in support of this contention: *Johnson* v. *Johnson*, 104 Cal. App. 283 [285 Pac. 902] , *McMillan* v. *McMillan*, 215 Cal. 435 [10 Pac. (2d) 465], *Parkhurst* v. *Parkhurst*, 118 Cal. 18 [50 Pac. 9], and, *Soule* v. *Soule*, 4 Cal. App. 97 [87 Pac. 205].

As we understand these decisions none of them support the position of appellant.  The question of the modification of a court order providing for the support of a minor child was not involved in the Johnson case.  An order reducing an allowance made for the support of a divorced wife and

a minor child was affirmed in the McMillan case. The Parkhurst case was decided prior to the amendment of section 138 of the Civil Code in 1905. (Stats. 1905, p. 43.) In that case the Supreme Court affirmed an order of the superior court refusing to amend a decree of divorce by awarding a mother money for the support of herself and a minor child. In the Soule case the court recognized the right to subsequently modify an allowance for support but held that the power to modify did not include the right to permanently annul the award.

Since the amendment of section 138 of the Civil Code in 1905, it cannot be doubted that the superior court has power to modify an interlocutory or final decree of divorce by changing the amount awarded for the support of a minor child or make an award for such purposes if none was made in the decrees. (*Lewis* v. *Lewis*, 174 Cal. 336 [163 Pac. 42] ; *Davies* v. *Fisher*, 34 Cal. App. 137 [166 Pac. 833].) In *Merritt* v. *Merritt*, 106 Cal. App. 234 [289 Pac. 240], it was said: ''The parties to this action were married June 23, 1920. One daughter, named Andriana, who was four years of age at the time of the trial, was born as the issue of this marriage. A suit for divorce, on the ground of adultery, was filed December 1, 1926. On November 30, 1926, the property rights of the parties were settled by the execution of a written agreement. By the terms of this contract the respondent was allowed $750 per month as alimony, and the additional sum of $250 a month for the maintenance and support of the minor child. December 5, 1927, an interlocutory decree of divorce was rendered in favor of the respondent, awarding her the custody of the minor child, together with the monthly payments above mentioned, pursuant to the contract settling the property rights. Subsequently, upon proceedings duly had the court modified this interlocutory decree by allowing the respondent an additional $100 per month for the education and maintenance of the child. From this order an appeal was perfected. . . . The fact that the order is in conflict with the provisions of the property settlement contract which was executed by the parties with respect to the maintenance of the child does not impair the validity of the order. While it is true that the discretion of the court to make an allowance for the maintenance of a

minor child is limited to the conditions and financial ability existing at the time of the order (9 Cal. Jur. 802, sec. 143; *Schammel* v. *Schammel,* 105 Cal. 258 [38 Pac. 729]), the parents may not abridge the rights of the minor to deprive her of an adequate support by any prior agreement. (9 Cal. Jur. 803, sec. 144; *Lewis* v. *Lewis,* 174 Cal. 336 [163 Pac. 42]; *Parkhurst* v. *Parkhurst,* 118 Cal. 18 [59 Pac. 9].) The amount is within the reasonable discretion of the court. (*Bancroft* v. *Bancroft,* 178 Cal. 352 [173 Pac. 582].)'' (See, also, *Karlslyst* v. *Frazier,* 213 Cal. 377 [2 Pac. (2d) 362]; *Moog* v. *Moog,* 203 Cal. 406 [264 Pac. 490]; *Smith* v. *Superior Court,* 89 Cal. App. 177 [264 Pac. 573].)

Plaintiff urges that the trial court must be governed by consideration of the welfare of the minor in making an award for support; that reducing the amount formerly allowed for support cannot promote such welfare; that therefore the court in changing an award cannot reduce but can only increase it. We cannot follow the logic of this argument. Under many circumstances and for many reasons the reduction of the amount of support money might be made solely out of consideration of the best interest and welfare of a child. Among the many cases affirming orders reducing awards formerly made for support of minor children the following may be cited: *Beal* v. *Beal,* 218 Cal. 755 [24 Pac. (2d) 768]; *McMillan* v. *McMillan, supra,* and *Soule* v. *Soule, supra.*

Nothing which we have said should be construed as bearing upon the civil liability of defendant under the terms of his contract when considered independent of the decrees and orders of court which we have been considering. (*Griffith* v. *Superior Court,* 1 Cal. (2d) 381 [35 Pac. (2d) 317].)

Order affirmed.

Barnard, P. J., and Jennings, J., concurred.