[Civ. No. 13953.   Second Dist., Div. Two.   Mar. 9, 1943.]

VIVIAN B. SAWYER, Appellant, v. LEO E. SAWYER, Respondent.

James V. Brewer for Appellant.

James A. Miller for Respondent.

WOOD (W. J.), J.—Plaintiff has appealed from that part of an order made on July 1, 1942, by which defendant was ordered to pay to her $10 per month for the support of the two minor children of the parties, claiming that the court abused its discretion in not ordering a greater sum.

The parties were divorced in March, 1934, and at that time a court order was made awarding the custody of the minors to defendant. By mutual agreement plaintiff took the custody of the children in January, 1935, and has retained custody since that time. Both of the parties remarried and at the time of the order from which this appeal is taken they were respectively living with their new spouses. At the time of the hearing the two children, both boys, were of the ages of twelve and fourteen years.

The case is before us upon a bill of exceptions wherein the testimony set forth is very meager. It appears therefrom that prior to the divorce defendant had purchased a home, and in the settlement agreement which had been approved by the court it was required that the home be kept for the children; that when plaintiff took custody of the children the home was turned over to her, defendant making all payments thereon until 1939. At that time there was due upon the home the sum of $875, but plaintiff increased the indebtedness in the sum of $500. A few months later defendant gave to plaintiff a deed to the house and she agreed to assume the indebtedness. Soon thereafter plaintiff, without notifying defendant, sold the house for $2,250. She testified that she sold it to liquidate "debts on the house and things of that kind" and that she realized from the sale about $400 in cash. It further appears from the testimony that plaintiff is now earning the sum of $120 per month and that her husband is earning $160 per month. Defendant earns the sum of $237 per month. His wife is not gainfully employed. For some time before the hearing defendant had been paying to plaintiff the sum of $10 per month for the support of the children. The court awarded the custody of the minors to plaintiff and ordered defendant to continue making the same payments as formerly and also ordered him to pay the sum of $15 as attorney's fees.

We cannot sustain plaintiff's contention that the court erred in receiving evidence concerning the transactions between the parties with respect to the home place which was

deeded to plaintiff and by her sold. The court was being called upon to modify the decree which had been entered in 1934, and in passing upon the request it was the duty of the court to take into consideration all of the circumstances surrounding the parties which had any bearing upon the custody of the minors or the proper amount to award for their support and especially any new circumstances which had arisen since the entry of the divorce decree. It was proper for the court to consider that the custody of the minors had been changed by mutual consent and that defendant had made provision for them by deeding the home property to plaintiff and by making the payments to her. It was also proper to consider whether plaintiff had sold the property and what she had realized from the sale.

It was within the sound discretion of the court to determine the amount which should be ordered for the support of the minor children. (*Adams* v. *Adams*, 2 Cal.App.2d 173 [37 P.2d 729].) No fixed rule can be set by the court to be followed in all cases of this kind but the varying circumstances of the parties must always be given consideration in determining the proper order to be made. In the present case the court undoubtedly took into consideration the fact that plaintiff had sold the residence which had been deeded to her to assist in the support of the children, that the income of plaintiff and her husband is greater than that of defendant and that the minors are at an age when they soon will be able to earn something toward their own support. It was for the trial court, and not the reviewing court, to exercise its discretion and fix the proper amount to be paid for the support of the minors. The reviewing court is limited to the question whether the trial court abused its discretion in making the order from which the appeal is taken. The circumstances of the present case do not show an abuse of discretion on the part of the trial court.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.