[Civ. No. 16120.   Second Dist., Div. One.   Mar. 30, 1948.]

HAROLD L. BEAULAC, Respondent, v. JANE C. BEAULAC, Appellant.

Cameron & Perkins and W. E. Cameron for Appellant.

E. O. Leake and J. J. Leake for Respondent.

BARTLETT, J. pro tem.—This is an action for divorce. At the time of the trial it was announced in behalf of plaintiff that no evidence would be introduced in support of the complaint. Therefore, the case proceeded to trial upon the issues raised by the cross-complaint filed by the wife and the answer thereto. An interlocutory decree was granted to the wife on the grounds of extreme cruelty and adultery. She appealed from the judgment insofar as it awarded her no alimony or attorney's fees, and also from those portions of the decree which award her $80 per month for the support of the minor children and award to her husband $450 of her separate property.

In her opening brief, the appellant makes no mention of the question of the failure of the court to award her alimony, so we will not discuss that matter.

As far as appellant's complaint that no attorney's fees were granted to her is concerned, no application for attorney's fees was made before trial and there was no stipulation concerning them. The attorney's fees asked for were strictly in payment for services rendered in the past. Under such circumstances, the court has no jurisdiction to make the award requested (*White* v. *White*, 96 Cal. App. 765 [274 P. 990] ; *Smith* v. *Superior Court*, 89 Cal.App. 177 [264 P. 573]).

Appellant urges that the court exceeded its power in awarding her as small a sum as $80 per month for the support of the two minor children for the reason that her husband in his answer to the cross-complaint admitted that $100 per month was a reasonable sum for their support. The cross-complaint alleges that the ages of these children were 6½ and 2½ years, respectively.

Between the time her husband filed the answer and the time of trial, his salary had been reduced from $400 per month to $300 per month with "take-home pay" of $270 per month. The amount which may be awarded for the support of children is within the reasonable discretion of the trial court (*Bancroft* v. *Bancroft*, 178 Cal. 352 [173 P. 582] ; *Sawyer* v. *Sawyer*, 57 Cal.App.2d 582 [134 P.2d 868]). In exercise of that discretion, the court is not controlled by the pleadings of the parties or their written agreements and

this includes the right to reduce the amount provided for children's support as conditions change as well as the right to increase them.

In *Adams* v. *Adams,* 2 Cal.App.2d 173 [37 P.2d 729], the parties had entered into a contract settling their property rights in which it was provided that the plaintiff should pay $125 per month for the support of the minor children. The interlocutory decree provided for payment of $125 per month. A little over a year later, the trial court modified the decree to provide for payments of but $75 per month. In its decision, the court said:

" 'The fact that the order is in conflict with the provisions of the property settlement contract which was executed by the parties with respect to the maintenance of the child does not impair the validity of the order. While it is true that the discretion of the court to make an allowance for the maintenance of a minor child is limited to the conditions and financial ability existing at the time of the order (9 Cal.Jur. 802, sec. 143; *Schammel* v. *Schammel,* 105 Cal. 258 [38 P. 729]), the parents may not abridge the rights of the minor to deprive her of an adequate support by any prior agreement. (9 Cal. Jur. 803, sec, 144; *Lewis* v. *Lewis,* 174 Cal. 336 [163 P. 42] ; *Parkhurst* v. *Parkhurst,* 118 Cal. 18 [59 P. 9].) The amount is within the reasonable discretion of the court. (*Bancroft* v. *Bancroft,* 178 Cal. 352 [173 P. 582].)' (See, also, *Karlslyst* v. *Frazier,* 213 Cal. 377 [2 P.2d 362] ; *Moog* v. *Moog,* 203 Cal. 406 [264 P. 490] ; *Smith* v. *Superior Court,* 89 Cal.App. 177 [264 P. 573].)

"Plaintiff urges that the trial court must be governed by consideration of the welfare of the minor in making an award for support; that reducing the amount formerly allowed for support cannot promote such welfare; that therefore the court in changing an award cannot reduce but can only increase it. We cannot follow the logic of this argument. Under many circumstances and for many reasons the reduction of the amount of support money might be made solely out of consideration of the best interest and welfare of a child. Among the many cases affirming orders reducing awards formerly made for support of minor children the following may be cited. *Beal* v. *Beal,* 218 Cal. 755 [24 P.2d 768] ; *McMillan* v. *McMillan, supra,* [215 Cal. 435 (10 P.2d 465)], and *Soule* v. *Soule, supra* [4 Cal.App. 97 (87 P. 205)]."

A review of the record in the case at bar convinces

us that the court properly exercised its discretion in this matter.

■ Appellant calls attention to the fact that the judgment contains the following provisions:

"5. That upon the entering of the final decree the parties are entitled to have assigned to them as his or her separate property the portions of the community property as follows:

. . . . . . . . . . . . .

"(d) To Harold L. Beaulac, $450.00 of the $900.00 now in the possession of the defendant and cross-complainant."

Mrs. Beaulac was the innocent party in this proceeding. The testimony shows without conflict that after her separation from Mr. Beaulac, Mrs. Beaulac secured a position as a school teacher and while separated from her husband saved from her earnings the $900 to which the judgment refers. This provision in the judgment is based on this finding by the court:

II.

. . . . . . . . . . . . .

"e. That there is community property of the parties consisting of the following items:

. . . . . . . . . . . . .

"(5) $900.00 in cash in the possession of cross complainant, which are monies saved by her from her earnings as a school teacher since the separation of the parties."

This finding is clearly erroneous and is in direct contravention to the provisions of section 169 of the Civil Code which reads as follows:

"The earnings and accumulations of the wife, and of her minor children living with her or in her custody, while she is living separate from her husband, are the separate property of the wife."

Also, it is held in *Fox* v. *Fox*, 18 Cal.2d 645 [117 P.2d 325] that the court may not assign the separate property of one of the spouses to the other.

The $900 here in question has at all times been in the possession of the appellant, is not placed in issue in the pleadings, and no order concerning it is necessary.

It is therefore ordered that the findings of fact and conclusions of law be modified by striking therefrom paragraph II, e, (5) of the Findings of Fact and paragraph 7 of the Conclusions of Law. It is further ordered that the judgment be modified by striking out subdivisions "c" and "d" of paragraph 5 thereof.

As so modified, the judgment is affirmed, the appellant to recover her costs on appeal.

Doran, Acting P. J., and White, J., concurred.