[Civ. No. 18150. Second Dist., Div. Three. July 31, 1951.]

JEANNE DE KOLTY WARNER, Respondent, v. CARYL WARNER, Appellant.

Caryl Warner, in pro per., for Appellant.

Betty & Campbell and Marion P. Betty for Respondent.

SHINN, P. J.—Appeal by defendant from an order requiring him to pay plaintiff $250 as attorneys' fees, ostensibly for the purpose of enabling plaintiff to prosecute a motion to set aside an interlocutory decree of divorce which had previously been granted to her. The ground of the appeal is that the services for which the allowance was made had been fully performed before application was made therefor. The various steps in the proceeding were the following: September 22, 1949—plaintiff granted an interlocutory decree; March 11, 1950—plaintiff gave notice of motion to vacate the decree pursuant to section 473, Code of Civil Procedure; March 17, 1950—motion to vacate argued and order submitted upon the filing of points and authorities ten, five and five days; (April 6, 1950, last day for filing points and authorities) April 18, 1950, plaintiff gave notice of motion for attorneys' fees for

prosecution of her motion to vacate; motion set for April 24, 1950; April 24, 1950—motion to vacate denied in Department 35; motion for attorneys' fees transferred and on the same day granted in Department 8.

Upon the hearing of the motion for attorneys' fees defendant objected upon the ground that the services for which the fees were sought had been fully performed and the court was therefore without authority to make an allowance. It was a good objection. The time for presenting plaintiff's answering points and authorities on the motion to vacate had expired 12 days prior to the notice of motion for fees. No further services were contemplated. Since the services had been fully performed the court was without jurisdiction to make an award for fees. (*Beaulac* v. *Beaulac*, 84 Cal.App.2d 649 [191 P.2d 478].) The facts differ materially from those in *Puckett* v. *Puckett*, 21 Cal.2d 833, 843 [136 P.2d 1], relied on by plaintiff. It was there held that fees were properly allowed the wife for resisting the husband's motion to modify a decree by reducing the monthly allowance payable to plaintiff where the wife had given notice of a motion for fees prior to the hearing of defendant's motion, although the order for fees was not made until after the conclusion of the hearing. It is immaterial here that plaintiff gave her notice of motion prior to the decision of the motion to vacate, since the notice was given after the services had been completed. The last act of her attorneys consisted of the filing of their reply points and authorities.

The order is reversed.

Wood (Parker), J., and Vallée, J., concurred.