Stanley I. GRAND, Appellant,

v.

Lila J. GRAND, Appellee.

No. 2625.

Municipal Court of Appeals for the District of Columbia.

Argued July 18, 1960.

Decided Aug. 25, 1960.

Rourke J. Sheehan, Rockville, Md., with whom Arthur G. Lambert and Walter S. Furlow, Jr., Rockville, Md., were on the brief, for appellant.

Russell Hardy, Sr., Washington, D. C., with whom Russell Hardy, Jr., Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

The parties here entered into a separation agreement providing, *inter alia*, that the wife would take custody of their two youngest children and receive $200 per month for their support, while the husband would have custody of the oldest child and support him in his own home. Subsequently, the husband secured a divorce in Missouri and the court there approved the custody and support provisions of the agreement, incorporating them into the divorce decree. The controversy before us now stems from the fact that he since has been forced into involuntary retirement at approximately one-third his former salary, having lost his position as a Foreign Service Officer with the State Department. He requested a reduction of support payments due to the loss of income. This was denied and he appeals.

■ The court denied the appellant's motion for reduction of support money for two reasons. One was that the decree, being based on the private agreement or contract between the parties, was not subject to modification by the court. We do not agree. In Rogers v. Rogers, 92 U.S. App.D.C. 97, 203 F.2d 61, the United States Court of Appeals held that the power of the court to modify an alimony award was unimpaired by the fact that the award was based on an agreement of the parties. There is more reason to hold that in cases of support money necessary for the proper care of children, who are wards of the court and not parties to the agreement, the power of the court to modify the amount cannot be affected by what the parties have agreed upon, even when accepted by the court. Incorporation of the agreement causes it to lose its contractual nature and merely reflects that at the time of the decree the court deemed that what the parties had already settled upon was a reasonable sum for support. The power of the court later to amend the support order in accordance with changed circumstances cannot be limited or abridged by the court's prior recognition of the agreement between the parties.[1]

■ We think the foregoing error was cured, however, by the court's second reason for denying the requested relief. That determination was simply that appellant had not shown himself to be entitled to a reduction in support payments. The court dwelt at length on the merits of appellant's claim and it is evident that the outcome would have been justified even if the proper view of the court's ability to modify the decree had been taken.

The court found, for instance, that in spite of appellant's drastically reduced income he: (1) continued to pay $150 per month for rent, which the court thought excessive; (2) maintained his oldest son in a private school at a cost of $1,500 per year (while the two children in custody of the appellee attended public schools); and (3) had taken his son on a two-week vacation in Florida at considerable expense.

In short, appellant was requesting relief without showing the court that he himself was making any substantial attempts to curb his mode of living in accordance with his reduced income. The motion for reduced support payments was in effect appellant's first attempt to meet the exigencies of the situation, but this was to be at the expense of the other children. Further, the court was not satisfied that appellant did not possess other means or sources of income from which the support payments

1. Adams v. Adams, 2 Cal.App.2d 173, 37 P.2d 729; Lewis v. Lewis, 174 Cal. 336, 163 P. 42; Lilley v. Lilley, 125 Conn. 339, 5 A.2d 849; Gloth v. Gloth, 154 Va. 511, 153 S.E. 879, 71 A.L.R. 700; 17A Am. Jur., Divorce and Separation, § 861.

could be made, at least temporarily; nor with his limited attempts to secure other employment while seeking to be reinstated in his former position.

We do not think that it was an abuse of discretion for the court to deny appellant's prayer for relief, and we are convinced that the result was motivated and influenced by the merits of appellant's claim more so than by the court's collateral observation as to its power to modify the decree.

We have studied appellant's other assignments of error and do not find them meritorious. We find no reversible error.

Affirmed.

HOOD, Associate Judge, concurs in the result.