[Civ. No. 16760.   First Dist., Div. Two.   June 18, 1956.]

R. W. BIAS, JR., Respondent, v. CYNTHIA BIAS,
Appellant.

Keil & Connolly and Edward D. Keil for Appellant.

Young, Rabinowitz & Chouteau for Respondent.

KAUFMAN, J.—This is an appeal from an order of the Superior Court in and for the City and County of San Francisco modifying a final decree of divorce. The order reduced the amount of child support payable by the husband from $200 per month for each of the two children as set by the interlocutory decree, to $150 per month for the 16-year-old girl, and $75 per month for the 11-year-old boy.

The parties herein had secured an interlocutory decree of divorce on June 29, 1951. Joint custody of the children was awarded to the parents, R. W. Bias, Jr., respondent herein, and Cynthia Bias, appellant. Although nowhere in the record on appeal is the property settlement agreement set forth, appellant in her brief quotes the following paragraph from the interlocutory agreement referring thereto:

"6. The property settlement agreement entered into by the parties hereto on the 27th day of June, 1951 making provision for the complete and final adjustment of all of the property rights of the parties hereto, is hereby approved by the Court and each party is ordered by the Court to specifically perform each and every agreement therein contained. The original of said agreement is attached hereto and made a part hereof as though set out in this decree in full."

The following excerpt from the property settlement agreement is also set forth in appellant's brief:

"6. As and for the care, maintenance, education and support of the children, subject to determination by the Court, Husband shall pay Wife the sum of $200.00 per month for each child, a total of $400.00 per month, beginning on the 1st day of July, 1951 and to be paid on the 1st day of each and every month thereafter until each respective child shall have reached the age of 21 years, married or died.

"It is understood between the parties that the amount fixed for the support of the children is based upon the present income of Husband and in the event of a substantial change in the amount of Husband's income or of the needs of the children, the Court having jurisdiction may, in its discretion, upon a proper showing, modify or alter the amount of support.

"In order to provide Wife with current information as to Husband's income, Husband agrees to furnish Wife not later than April 1 of each year a complete photostatic copy of his Federal Income Tax Return for the previous year."

At the hearing of the husband's motion for modification, the trial judge and counsel made some reference to the property settlement agreement, and the trial court asked, "Is it integrated? Is it amendable?" The attorney for respondent answered that he did not know if the agreement would be of sufficient dignity so as not to be amendable under recent Supreme Court decisions as far as the alimony provisions were concerned, but stated that the child allowance was clearly subject to the court's control. Later, counsel for appellant contended that the husband must sustain the burden of proof in accordance with the terms of the agreement that he has suffered a substantial change in income or earning capacity, but the court stated that he believed the limitation provided in the agreement did not bind the court either way, that it was merely instructive. No further information is disclosed by the record on appeal as to the contents of the property settlement agreement or the interlocutory decree.

Appellant contends that the provision in the divorce decree relating to the support of the children was not subject to modification downward in the absence of a showing that there had been a decrease in respondent's income or a decrease in the needs of the children. It is argued that provisions in property settlement agreements for the support of children cannot be modified except under one of these three conditions: (1) consent of the parties thereto; (2) where the welfare of the child requires an *increase* in support payments; (3) under the terms of the agreement itself. Here the terms of the agreement required a substantial change in the income of respondent, and this would necessarily mean that respondent's income would have to decrease if the support order was to be reduced, since there was no showing that the children's needs had decreased. Appellant states (without transcript reference) that the income of respondent at the time of the interlocutory decree was $18,000 per year, whereas

at the time of the hearing it had increased to a gross income of $33,000 per year. There is no evidence in the record before this court as to what the respondent's income was in 1951.

Appellant also states that the stock brokerage firm of Shuman-Agnew and Company, of which respondent is a member, had greatly increased its net worth since 1951, and therefore respondent's capital interest of 11½ per cent had substantially increased. The record shows, however, that at the time of the hearing of respondent's motion, his sole asset consisted of $57,500 capital in the aforesaid company. He cannot withdraw funds from this amount without the consent of the partners, and they will not consent to such a withdrawal. Respondent testified that he had to make capital contributions of $3,500 in the first two quarters of 1954 to complete the firm's goal of capitalization. Capital contributions in 1953 were $2,000. The company was entering a new phase of its business, and the amount required of each partner had been increased. Beginning in November 1954, respondent would have to begin putting in another $57,000, to be paid over a period of time. This respondent must do if he wishes to continue in this business, his only source of income.

Respondent herein has remarried and is supporting his present wife and her daughter by a former marriage. This child's school expenses are paid by her father. Schedules attached to respondent's affidavit show that after deduction of business expenses, taxes, alimony and child support, for the first half of 1954, he had remaining $418.20 on which to live, which figure was nearly $100 per month lower than that shown in a similar schedule for 1953. Present estimated living expenses of respondent and his present wife and daughter, total $900 per month. This includes apartment rent of $180 per month.

An exhibit attached to respondent's affidavit gives an estimate of appellant's present income as $1,000 per month. This includes alimony, $200 per month, child support, $400, salary from her job, $200, and income from stocks $200. At the hearing appellant testified that her income from stocks was approximately $200 per month. She lived with the children in the family home which she received in the property settlement, and which had an estimated value of about $27,000. At the time of the hearing she was no longer employed.

Respondent presented the court with a proposed schedule which would make it possible for him to meet his obligations without going into debt. The court evidently accepted his

figures of $75 per month support for the boy and $150 for the girl. In this schedule was included an item of $2,000 to be spent during the year on vacation trips and entertainment of the children. He had during 1953 spent $2,274 on the children for these purposes, in addition to the $400 per month support payment. In the period since the divorce, the record shows that respondent had been compelled to sell out all his stock holdings in order to meet his obligations. He now has no remaining assets which can be converted into cash.

Appellant herein relies on the case of *Puckett* v. *Puckett*, 21 Cal.2d 833 [136 P.2d 1], as authority for her position that the decree herein could not be modified downward except in accordance with the provisions of the paragraphs of the property settlement agreement which she has set forth in her brief. The Puckett case, however, clearly establishes that the agreement must be construed as a whole (citing numerous cases) in order to determine the meaning of the provisions relating to alimony and child support and to ascertain whether they are in fact merely support provisions or whether they are essentially part of a property settlement.

Where support provisions are made an integral and inseverable part of a division of the property, and the court has approved the agreement, they cannot be thereafter modified without the consent of the parties. (*Dexter* v. *Dexter*, 42 Cal.2d 36 [265 P.2d 873]; *Fox* v. *Fox*, 42 Cal.2d 49 [265 P.2d 881]; *Flynn* v. *Flynn*, 42 Cal.2d 55 [265 P.2d 865].)

A provision for child support thus integrated, may not be reduced, but for the welfare of the child, the court has the power to increase the amount. (*Puckett* v. *Puckett, supra.*)

In the above cited cases, the property settlement agreements there involved were reviewed in their entirety by the Supreme Court. And in *Van Dyke* v. *Van Dyke,* 126 Cal.App.2d 238 [271 P.2d 910], cited by appellant, the entire agreement was reviewed and found to be unambiguous, clearly providing that the husband had assigned his interest in a trust in consideration of the wife's assumption of the support and maintenance of the children while in her custody and during the period of the income payments. There is nothing of this nature in the paragraphs quoted by appellant from the agreement herein.

If appellant wished to base her claim of error on this appeal on the erroneous interpretation of the property settlement agreement by the trial judge, then the burden is on her to present this court with a record from which such deter-

mination can be made. While this court is not bound by the interpretations of the agreement and interlocutory decree made by the trial court in the absence of conflicting extrinsic evidence (*Fox* v. *Fox, supra,* p. 52), this court will assume that the proper interpretation was made on the basis of the documents before it, when appellant has not seen fit to produce those documents in their entirety before this court. Furthermore when the court informed appellant's counsel that the provision was not binding on the court, he merely said, "I see," and did not urge the matter further. ■ Evidence relied upon at the trial but which is not brought up in the record on appeal cannot be considered in connection with a claim of error. (3 Cal.Jur.2d 798, § 267).

■ The amount of the allowance for the maintenance of the minor children of a divorced couple rests in the sound discretion of the trial judge and in all cases where he is not bound by the terms of a property settlement agreement, he may modify the support order downward upon a proper showing. In the absence of an abuse of discretion, such an award will not be set aside on appeal. (*Espinoza* v. *Espinoza,* 85 Cal.App.2d 155 [192 P.2d 33]; *Sawyer* v. *Sawyer,* 57 Cal. App.2d 582, 584 [134 P.2d 868].) No abuse of discretion has been demonstrated in the present case.

Order affirmed.

Nourse, P. J., and Dooling, J., concurred.