[Civ. No. 25183.   Second Dist., Div. Four.   Dec. 19, 1961.]

RITA ROBINSON, Plaintiff and Appellant, v. ALPHERIES A. ROBINSON, Defendant and Respondent.

Rita Robinson, in pro. per., for Plaintiff and Appellant.

William R. Freeman for Defendant and Respondent.

BALTHIS, J.—Plaintiff's complaint is quite lengthy and recites in great detail evidentiary matter dealing with the unhappy domestic relations history between plaintiff and defendant. The essence of the complaint is that in a previous action between the parties in which defendant (as plaintiff therein) obtained a judgment of divorce against plaintiff (as defendant therein), the court was misled by false evidence given by defendant. The complaint alleges that in the trial

of the previous action "the defendant testified falsely under oath," "the defendant and his attorney had falsely misled the court" and that the court was deceived by the objections of defendant's attorney to certain evidence.

The default of defendant in this action was taken by plaintiff but thereafter, upon motion made, the default was set aside and defendant was permitted to file a demurrer to the complaint. At the hearing on the demurrer the court made inquiry of the plaintiff (appearing in propria persona) as to the judgment rendered in the prior action. The minute order sustained the demurrer without leave to amend and reads in part: "Plaintiff conceded at the hearing that the prior divorce action between the parties had resulted in a judgment against her after a trial at which she was represented by counsel. . . . Plaintiff's claim here is that the trial judge in the divorce case rejected her evidence and received evidence which she contends was false. No facts to support plaintiff's theory of extrinsic fraud have been alleged in the complaint and none suggested in response to the Court's inquiry in open court."

Three questions are presented: (1) Was the trial court's order granting the motion to set aside the default proper? (2) Does plaintiff's complaint state facts sufficient to constitute a cause of action? (3) Was it an abuse of discretion for the trial court to sustain defendant's demurrer to the complaint without leave to amend?

As to the first point, it appears defendant's default in the instant action was entered and later, upon motion made by defendant, such default was vacated and set aside. The clerk's transcript on appeal does not include the notice of motion made by defendant or the affidavits in support thereof, although such papers were referred to in the clerk's transcript. There also appears from the record that the default of defendant was entered February 11, 1960, that the motion to set aside the default was filed March 4, 1960, and that the minute order granting the motion to set aside the default was made March 15, 1960. Thus, it does appear from the record that the motion was timely made. The trial court has broad discretion in the setting aside of a default and granting of motions under section 473 of the Code of Civil Procedure and the burden of showing there was a manifest abuse of discretion of the trial court is upon the appellant (see *Freeman* v. *Goldberg*, 55 Cal.2d 622, 625 [12 Cal.Rptr. 668, 361 P.2d 244]). Upon plaintiff's failure to show any abuse of dis-

cretion on the part of the trial court the order granting the motion to set aside the default must be upheld. ▮ The record on appeal here shows only the order made by the trial court and all presumptions will be made in favor of the order and it will be assumed that a sufficient showing was made to support the order (see *Bias* v. *Bias*, 142 Cal.App.2d 344, 348-349 [298 P.2d 102]).

▮ On the second question involved as to whether or not sufficient facts are stated in the complaint to constitute a cause of action, it is clear that the complaint does not allege extrinsic fraud. It therefore appears that the facts stated would not be sufficient to set aside the judgment rendered in the prior action between the parties. In the previous action there was a full trial before the court and each party was represented by counsel. A judgment was entered in that action in favor of the defendant here and plaintiff's motion for a new trial was denied. Later, plaintiff gave notice of appeal but failed to pursue the appeal and it was dismissed for lack of prosecution on May 28, 1959. Thus, the judgment in the prior action became final.

Judgment in the former case having become final plaintiff cannot relitigate the case. There is no allegation or showing whatsoever that in the former action plaintiff was in any way prevented from having her day in court. ▮ In *Pico* v. *Cohn*, 91 Cal. 129, 133-134 [25 P. 970, 27 P. 537, 25 Am.St. Rep. 159, 13 L.R.A. 336], the court discussed the rule of finality of judgments as follows: ''That a former judgment or decree may be set aside and annulled for some frauds there can be no question; but it must be a fraud extrinsic or collateral to the questions examined and determined in the action. And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of this rule is, that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy. . . . Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice; and so the rule is, that a

final judgment cannot be annulled merely because it can be shown to have been based on perjured testimony; for if this could be done once, it could be done again and again *ad infinitum.*" (See also *La Salle* v. *Peterson,* 220 Cal. 739 [32 P.2d 612].)

On the third question as to whether the court properly sustained the demurrer without leave to amend it appears that all of the matters complained of, for which plaintiff seeks to set aside the former judgment, occurred in an adversary trial in which plaintiff was represented by an attorney and there were no circumstances under which plaintiff was prevented from presenting her case fully to the court. The minute order clearly indicates that plaintiff, at the time she appeared in propria persona at the hearing on the demurrer, stated to the trial court that her complaint in this action was based upon the false evidence given by defendant in the prior case and that the trial court was misled by defendant's attorney in rejecting her evidence. When it is clearly indicated that plaintiff would be unable to amend to state a cause of action it is proper for the court to sustain the demurrer without leave to amend. Leave to amend is appropriately withheld where it is clear that plaintiff is seeking the "legally impossible." (2 Chadbourn, Grossman, Van Alstyne, California Pleading (1st ed. 1961) § 1356, pp. 504-505.) This is the situation here. Plaintiff's complaint is replete with references to the 1956 divorce action between the parties and it is apparent from a consideration of this complaint that plaintiff is here attempting only to relitigate that case. The burden is upon plaintiff to show that the trial court abused its discretion in not granting leave to amend the complaint (*Legg* v. *Mutual Benefit Health & Accident Assn.,* 184 Cal.App.2d 482, 489 [7 Cal.Rptr. 595]).

The court was correct in its order sustaining the demurrer to the complaint and, considering all the circumstances, it was proper to sustain the demurrer without leave to amend.

The judgment of the trial court is affirmed.

Burke, P. J., and Jefferson, J., concurred.