[Civ. No. 25392.   Second Dist., Div. Three.   Feb. 28, 1962.]

ALPHERIES A. ROBINSON, Plaintiff and Respondent, v. RITA ROBINSON, Defendant and Appellant.

Rita Robinson, in pro. per., for Defendant and Appellant.

William R. Freeman for Plaintiff and Respondent.

FILES, J.—This is an appeal from an interlocutory judgment ordering the partition and sale of real property. This is the third action between appellant and respondent. The first was an action for divorce. After a trial at which both parties were represented by counsel, the court granted an interlocutory decree of divorce in favor of respondent and adjudged certain real property standing in the name of appellant to be community property and awarded an undivided one-half interest therein to each party. An appeal taken from that judgment was dismissed for failure to prosecute on May 26, 1959. A final judgment of divorce was entered November 3, 1959, and no appeal was taken therefrom.

The second action was brought by appellant to set aside the interlocutory decree of divorce on the allegation that it was based upon false testimony. That action was dismissed after a demurrer to the complaint had been sustained, and the judgment of dismissal was affirmed on appeal. (*Robinson v. Robinson,* 198 Cal.App.2d 193 [17 Cal.Rptr. 786].)

This, the third action, was brought by respondent to partition the real property which the divorce decree had awarded to the parties in equal undivided shares. Appellant's answer, which she filed *in propria persona,* reasserted her contention

that she is the sole owner of the property and that the divorce judgment was based upon "trickery and deception" and that she had not had "a fair adversary hearing" in the divorce case because the trial judge there had rejected certain evidence offered by her attorney. This partition action was tried and judgment given ordering that the real property be sold by a referee and directing the referee to use the proceeds to discharge certain liens and divide the balance between the parties. Appellant has brought this appeal from that interlocutory judgment.

Appellant petitioned for a writ to stay the sale, but this court concluded that the appeal itself stayed all proceedings upon the interlocutory decree and therefore denied the petition for a writ. (*Robinson* v. *Robinson*, 191 Cal.App.2d 547 [12 Cal.Rptr. 744].)

Appellant's brief on this appeal argues the same issues which were decided against her in the divorce case and which she attempted to relitigate in the action to set aside the divorce. It is clear from the record that what appellant calls "trickery and deception" in the divorce trial was simply the testimony given against her which the trial judge believed to be true when he decided that case. She contends that a judgment "secured by untruthful allegations" should be declared void. This is not the law.

As the court pointed out in *Robinson* v. *Robinson*, 198 Cal.App.2d 193 [17 Cal.Rptr. 786], appellant is not entitled to ask another court to make a different decision in the matters which were decided against her in the divorce case. Contrary to appellant's belief, the court did not lack jurisdiction to decide the divorce case as it did. It was the duty of the divorce court to decide the questions before it, and in the partition case it was the duty of the court to follow that decision.

We have reviewed the record on this appeal and find no error. The judgment appealed from is affirmed.

Shinn, P. J., and Ford, J., concurred.