577 F.2d 1380
 Harold GREEN and Ancora Corporation, Plaintiffs-Appellants,
v.
ANCORA-CITRONELLE CORPORATION, a corporation, William P.
Johnson, J. Edward Trainer and Touche Ross & Co.,
a partnership, Defendants-Appellees.
 No. 76-1433.
 United States Court of Appeals,
Ninth Circuit.
 June 8, 1978.
Rehearing Denied July 11, 1978.
 
 1
 Samuel L. Holmes (argued), Angell, Adams & Holmes, San Francisco, Cal., for plaintiffs-appellants.
 
 
 2
 Robert K. Schiebelhut (argued), Patrick J. Mahoney (argued), San Francisco, Cal., for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Northern District of California.
 
 
 4
 Before BROWNING and HUFSTEDLER, Circuit Judges, and BONSAL,* District Judge.
 
 BONSAL, District Judge:
 
 5
 This is an appeal from an order and judgment of the district court for the Northern District of California (Orrick, J.) granting summary judgment in favor of defendants-appellees Ancora-Citronelle Corporation ("ACC"), Johnson and Trainer, vice-president and president respectively of ACC, and Touche Ross & Co. ("Touche"), ACC's accountant, and dismissing the complaint of plaintiffs-appellants Green and Ancora Corporation ("Ancora"). We affirm for the reasons stated below.
 
 
 6
 In June 1969 appellant Green brought about the formation of ACC by the consolidated and merger of four limited partnerships into ACC. All four of the limited partnerships had been established by Green for the purpose of oil exploration and drilling in certain areas of Alabama several years earlier. Green himself was president, director and sole shareholder of Ancora, which was the general partner in each of these partnerships. Upon the formation of ACC in 1969, shares of ACC stock were issued to the members of the limited partnerships, including Green and Ancora, in exchange for the assets of the partnerships. Green thereafter became president of ACC and managed the corporation up until August 1971 when he was ousted from his position as president of ACC as a result of a proxy fight led by appellees Johnson and Trainer.
 
 
 7
 In November 1971, shortly after Johnson and Trainer had assumed executive control of ACC, ACC brought suit in California Superior Court charging Green with various management and accounting frauds during his tenure as president of ACC dating back to the formation of ACC. The principal allegations of the complaint were that Green had manipulated the books of ACC, that he had illegally diverted assets of ACC and that predecessor partnerships to himself and Ancora, and that he had fraudulently overissued ACC stock to himself and Ancora. Green, in turn, filed a cross-complaint against Johnson and Trainer alleging that they had made false entries in ACC's books after taking over management of ACC which retroactively reversed prior entries made during Green's tenure as president in order to make it appear that he had defrauded ACC and that he and Ancora were substantially indebted to ACC. Both sides thereafter engaged in discovery with respect to these issues. Throughout this period of discovery, Green vigorously denied any wrongdoing and bitterly protested that the charges had been levelled against him by ACC and successor management of Johnson and Trainer in an effort to "get something on him" and to bring about his ruin. The litigation was vigorously pursued by both sides until June 1974, when approximately two and one-half years after commencement of the action and shortly before it was to proceed to trial, Green and Ancora entered into a written settlement with ACC. Pursuant to the terms of this agreement, Green and Ancora transferred certain property including approximately 200,000 shares of ACC stock back to ACC in settlement of the state court litigation.
 
 
 8
 In early July, 1974, prior to entry of judgment, Green and Ancora moved to rescind the settlement agreement on the grounds that it had been obtained by fraud, deceit and duress on the part of appellees Johnson and Trainer. Finding no support for this contention, the state court judge denied the motion, and on July 18, 1974 a judgment incorporating the settlement agreement was entered. In August 1974 Green and Ancora moved to vacate this judgment on the same grounds that they had previously asserted. This motion was likewise denied and no appeal was taken.
 
 
 9
 On September 29, 1975, Green and Ancora instituted this action in the district court for the Northern District of California charging appellees ACC, Johnson, Trainer and Touche with violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. 240.10b-5, promulgated thereunder. In invoking the jurisdiction of the federal courts, Green and Ancora alleged that appellees had fraudulently induced them into entering into the state court settlement and transferring their shares of ACC stock by representations in the course of the settlement discussions that were materially false and misleading in violation of section 10(b) and Rule 10b-5. Green and Ancora alleged that they had entered into the state court settlement on the basis of a 1973 audit performed by Touche in which Touche expressed the opinion that, subject to the collectibility of amounts involved in the state litigation, ACC's financial statements fairly presented the corporation's financial condition. Green and Ancora also alleged that they had relied on statements of Johnson and Trainer to the general effect that the Touche audit substantiated their contention that Green and Ancora had defrauded ACC. Green and Ancora further alleged that an audit which they undertook subsequent to the settlement disclosed that the entries made by Johnson and Trainer after Green's ouster were improper and that therefore the Touche audit and the statements made by Johnson and Trainer on the basis of that audit were materially false and fraudulent. In a pendent claim, Green and Ancora sought to have the district court set aside the state court judgment on the ground that it had been obtained by appellees' fraud.
 
 
 10
 On January 16, 1976, appellees moved for summary judgment dismissing Green and Ancora's complaint on the grounds: (1) that the facts alleged by Green and Ancora did not establish a claim that was actionable under section 10(b) and Rule 10b-5; (2) that the action was barred by the prior state court judgment and that there was no basis for setting aside that judgment; and (3) that the releases executed by Green and Ancora in connection with the settlement of the state court action barred this action in federal court. The district court granted appellees' motion for summary judgment on the ground that the facts alleged by Green and Ancora could not support a claim for relief under section 10(b) and Rule 10b-5. The court ruled that, in view of the circumstances leading to the settlement agreement, the transfer of shares by Ancora and Green to ACC did not constitute a "purchase or sale" of securities and that the alleged misrepresentations were immaterial as a matter of law. With respect to the latter issue of materiality, the court concluded that it would have been unreasonable for Green to have attached importance to appellees' statements inasmuch as these statements pertained to matters within the knowledge of Green who controlled the corporation during the period involved. The district court did not reach the remaining contentions raised by appellees.
 
 
 11
 Green and Ancora appeal from the order and judgment of the district court, asserting that the court below erred in concluding (1) that the transaction complained of did not constitute a "purchase or sale" and (2) that the alleged misrepresentations were immaterial as a matter of law.
 
 
 12
 We do not reach the questions whether there was a purchase or sale or whether the alleged misrepresentations were immaterial because we conclude that the pivotal issues of wrongdoing were conclusively adjudicated against the appellants in the state court action and that the appellants are foreclosed by the doctrine of issue preclusion (collateral estoppel) from relitigating those issues in this action. See Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, 1977).
 
 
 13
 In Clark v. Watchie, 513 F.2d 994 (9th Cir. 1975) we held that under the doctrine of collateral estoppel a party would be precluded by a prior state court judgment from bringing suit in federal court based on alleged violations of the 1934 Act where: (1) there was a final judgment on the merits; (2) the party against whom the plea of collateral estoppel is asserted was a party or in privity with a party to the prior action; and (3) the issue in the prior action was identical to the issue presented in the federal action.[1]
 
 
 14
 There is no question here that the prior state court judgment was a final judgment on the merits of the issues raised in that action. The fact that this judgment was the result of the parties' stipulation of settlement does not detract from its being considered a conclusive determination of the merits of that action for purposes of collateral estoppel where, as here, it is clear that the parties intended the stipulation of settlement and judgment entered thereon to adjudicate once and for all the issues raised in that action. 1B Moore's Federal Practice P 0.444(1) (2d ed. 1974).
 
 
 15
 There is likewise no question that the defense of collateral estoppel may properly be asserted against Green and Ancora since both were parties to the prior action and both entered into the stipulation of settlement. Although appellee Touche was not a formal party to the prior action nor in privity with any party to that action, a non-party has standing to assert the defense of collateral estoppel.[2] United States v. United Air Lines, Inc., 216 F.Supp. 709, 725-29 (D.Nev.1962), aff'd sub nom. United Air Lines, Inc. v. Weiner, 335 F.2d 379, 404 (9th Cir.), cert. dismissed, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964).
 
 
 16
 The issues raised by Green and Ancora are in essence identical to those involved in the prior state court action and resolved by the judgment incorporating the settlement agreement. Indeed, it appears to us that the allegations stated by Green and Ancora in their federal complaint are nothing more than a restatement of the contentions that they had pressed in the state court proceeding, namely, that ACC's books had been "doctored" by successor management to make it appear that Green and Ancora had defrauded ACC. In settling that action and transferring certain property including approximately 200,000 shares of ACC stock back to ACC, Green and Ancora effectively abandoned this contention and necessarily acknowledged that they were in fact indebted to ACC.
 
 
 17
 Green and Ancora urge that the state court judgment be set aside on the ground that it was obtained by appellees' fraudulent misrepresentations. With minor variations, these were the same grounds that the appellants urged in the state court to vacate the judgment; the issues were litigated, appellants lost, and no appeal was taken. Moreover, the judgment may be set aside only where the fraud is extrinsic or collateral to the matters involved in the action. Pico v. Cohn, 91 Cal. 129, 133-34, 25 P. 970, 970-71. See, e. g., Kulchar v. Kulchar, 1 Cal.3d 467, 82 Cal.Rptr. 489, 462 P.2d 17 (1969); Kachig v. Boothe, 22 Cal.App.3d 626, 99 Cal.Rptr. 393 (1971). In order to be considered extrinsic fraud, the alleged fraud must be such that it prevents a party from having an opportunity to present his claim or defense in court, Kulchar v. Kulchar, supra; Kachig v. Boothe, supra, or deprives a party of his right to a "day in court," Pentz. v. Kuppinger, 31 Cal.App.3d 590, 595, 107 Cal.Rptr. 540, 543 (1973); Robinson v. Robinson, 198 Cal.App.2d 193, 17 Cal.Rptr. 786, 788 (1961).
 
 
 18
 Here appellees' alleged misrepresentations, if true, could hardly be considered extrinsic or collateral to the matters involved in the action; indeed, these misrepresentations would have gone to the very heart of the issues contested in the state court action. Furthermore, Green and Ancora clearly had an opportunity to present their claim in state court and could have protected against the alleged fraud since the matters which are alleged to have been fraudulently misrepresented by appellees were certainly within the knowledge of Green. The judgment entered on the settlement agreement is thus dispositive of the issues raised by Green and Ancora in the instant suit.
 
 
 19
 For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of appellees.
 
 
 
 *
 Honorable Dudley B. Bonsal, Senior United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 In Clark v. Watchie, supra, we held that a prior state court judgment would not be given res judicata effect to foreclose a claim in federal court based on the 1934 Act. Id. at 997; accord, Abramson v. Pennwood Inv. Corp., 392 F.2d 759, 762 (2d Cir. 1968); In re TransOcean Tender Offer Securities Litigation, 427 F.Supp. 1211 (N.D.Ill.1977); Moran v. Paine Webber, Jackson & Curtis, 279 F.Supp. 573 (W.D.Pa.1967), aff'd, 389 F.2d 242 (3d Cir. 1968)
 
 
 [2]
 This Circuit has rejected the traditional notion of mutuality of estoppel which required a party invoking the defense to have been a party to the earlier litigation. Clark v. Watchie, supra at 997; see generally, Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)