[Civ. No. 5468.  First Appellate District, Division One.—March 19, 1927.]

## MARY ELLEN ROSS, Respondent, v. GEORGE HENRY ROSS, Appellant.

[1] DIVORCE—MOTION TO MODIFY DECREE—MINORS—DISCRETION—EVIDENCE—APPEAL.—On this appeal from an order denying defendant's motion to modify a decree of divorce, whereon it is contended by defendant that the trial court should have entered its order directing that the minor child of the parties be known by the father's surname and that the child be taught to respect and love her father, it is held that the trial court properly exercised its discretion in denying defendant's motion, where the evidence strongly supports the conclusion that the mother, while not teaching the child to disrespect the father, has encouraged respect and has never denied the father the right to see the child on all proper and convenient occasions, and the evidence further shows that, while the child was registered at school under a different name, the mother notified the school authorities of her correct name.

[2] ID.—MINORS—CUSTODY—SUPPORT—DISCRETION—INTENT OF LEGISLATURE.—The legislature intended to confide to trial courts a very extensive discretion in awarding custody of children and providing for their support and maintenance with a view of the best interest of such minors, and the conclusion of a trial court will not be set aside in the absence of a clear abuse of that discretion.

––––––––

(1) 19 C. J., p. 351, n. 48, 50.    (2) 19 C. J., p. 347, n. 65, p. 361, n. 36.

2. See 9 Cal. Jur. 790.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying motion to modify decree of divorce.   Thomas F. Graham, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Stanley F. Nolan for Appellant.

Fabian H. Hillebrandt for Respondent.

CAMPBELL, J., *pro tem.*—This is an appeal from an order denying defendant's motion to modify a decree of divorce.   The notice of motion, eliminating that part merely formal, is that defendant will move the court "to modify the decree and orders herein so that defendant shall pay the sum of $15 per month for the support of the minor child of plaintiff and defendant, instead of the sum of $25 per month as previously ordered herein; that said child of said parties shall be known as Aileen Ross; that said child shall be taught respect and love for her father," etc.

[1] During the course of the argument in this court counsel for appellant waived the question of a reduction of the monthly allowance for the support and maintenance of the minor child and conceded the amount of $25 per month to be a proper allowance, but insists that the trial court should have entered its order directing that the child be known by the name of "Ross" and not "Callahan"—the mother's name by reason of a subsequent marriage—and that the child be taught to respect and love her father.

It is difficult to see how the court could enforce its order in this respect, if made.   If the mother were teaching the child disrespect of her father or in any manner so conducting herself that she is not a fit and proper person to have the care and custody of the minor child, the court could modify its decree changing such custody from the mother to the father, but there is no claim that the mother is not a fit and proper person to have the care and custody of such minor.

The evidence contained in the record, however, strongly supports the conclusion that the mother, while not teaching the child to disrespect the father, has encouraged respect and has never denied the right of the father to see the child on

all proper and convenient occasions. It is true that the child was registered at school under the name of ''Aileen Callahan,'' but the mother notified the school authorities that her name was ''Aileen Ross,'' and the proper correction has been made.

The code has not provided explicit rules in regard to the exercise of the trial court's discretion in awarding custody of children and providing for their support and maintenance. **[2]** It is manifest that the legislature intended to confide to trial courts a very extensive discretion in this respect with a view of the best interest of such minors, and its conclusion will not be set aside in the absence of a clear abuse of that discretion (*Bancroft* v. *Bancroft*, 178 Cal. 352 [173 Pac. 582]). In the instant case the action of the trial court was not an abuse of discretion, but, on the contrary, as the record discloses, such discretion was properly exercised.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.